UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| **In re:**<br>ANTONIO ALEJANDRO GUTIERREZ,<br><br>　　　　　　　　Debtor. | **Bankruptcy Case<br>No. 19-00416-JMM** |
| ANTONIO ALEJANDRO GUTIERREZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OREGON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　Defendant. | **Adversary Proceeding<br>No. 20-06023-JMM** |

**MEMORANDUM OF DECISION**

*Introduction*

On June 21, 2021, this Court conducted a hearing at which it heard oral argument on Plaintiff's motion for default judgment and for summary judgment, Dkt. No. 25, as well as Defendant's motion to dismiss the remaining claim in the case, Dkt. No. 27. At the conclusion of the hearing, the Court entered an oral ruling granting Defendant's motion to dismiss on the grounds that this Court does not have subject matter jurisdiction

MEMORANDUM OF DECISION − 1

over the Plaintiff's remaining claim and denied Plaintiff's motions.  Dkt. No. 30.  The Court entered an order memorializing its ruling on June 24, 2021.  Dkt. No. 31.  It is from this order that Plaintiff files his notice of appeal.  Dkt. No. 33.

### *Motion to File the Appeal In Forma Pauperis*

In his motion, Plaintiff does not specify the statutory basis for wavier of the appellate filing fee.  Because this Court only has jurisdiction to consider such motions under 28 U.S.C. § 1930, the Court will proceed under that statute.[1]

## 1. Waiver Under 28 U.S.C. § 1930

Subsection (f) authorizes this Court to waive fees prescribed by the Judicial Conference if certain conditions are met.  28 U.S.C. § 1930(f).  Paragraph (1) applies to fees associated with the commencement of a chapter 7 case, and paragraphs (2) and (3)

---

[1] A second possible source of statutory authority is 28 U.S.C. § 1915.  That section is titled "Proceedings in forma pauperis" and provides, in part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit [supporting an inability to pay].

28 U.S.C. § 1915(a)(1).  The statute requires the filing of certain documents, none of which has Plaintiff filed here.  Moreover, under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992), the bankruptcy court is not a "court of the United States" as defined in 28 U.S.C. § 451, and therefore the bankruptcy court is unable to provide relief under 28 U.S.C. § 1915.  *Id.* at 896; *see also Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 495–96 (9th Cir. BAP 1995) (recognizing that *Perroton*'s conclusions regarding 28 U.S.C. § 451 apply to sanctions under 28 U.S.C. § 1927 just as they do to waiver of fees under 28 U.S.C. § 1915, and holding that, just as bankruptcy courts are not "courts of the United States," neither is the Bankruptcy Appellate Panel).  Therefore, this Court cannot address or opine on a waiver under 28 U.S.C. § 1915, nor can the Bankruptcy Appellate Panel.

MEMORANDUM OF DECISION − 2

authorize this Court to waive other fees established by the Judicial Conference, including appellate fees, if applied consistent with judiciary policy. *Id.*

Here, Plaintiff requested, and received, a waiver of the original chapter 7 filing fee. *In re Gutierrez*, 19-00416-JMM at Dkt. No. 10. Moreover, he was exempt from the filing fee for commencing the adversary proceeding, as the Plaintiff herein is also the debtor in the underlying bankruptcy case. 28 U.S.C. § 1930. Such fee waiver and exemption does not, however, automatically entitle Plaintiff to waiver of the appellate fees under 28 U.S.C. § 1930(f)(2) or (f)(3). Indeed, the Guide to Judiciary Policy states:

> (a) In addition to fees due at filing, other fees scheduled by the Judicial Conference under 28 U.S.C. §§ 1930(b) and (c) may be waived, in the discretion of the court, for an individual debtor whose filing fee has been waived, or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request.
>
> (b) Courts may consider whether to extend a waiver of filing fees to all fees under 28 U.S.C. §§ 1930(b) and (c) for the duration of the case and any initial appeal from a decision of the bankruptcy court or to limit any waiver accordingly.
>
> > (1) An order granting such waiver should provide the extent of the waiver.
> >
> > (2) If a debtor moves to extend a fee waiver to other fees under 28 U.S.C. §§ 1930(b) and (c), the debtor must show that he or she still meets the standard of eligibility defined in § 820.20(a)(1).

4 Guide to Judiciary Policy, ch. 8, § 820.40 (available at https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies) (last visited June 7, 2021).

The order in the underlying bankruptcy case specifically granted Plaintiff's application for a filing fee waiver and did not reference any fee beyond the bankruptcy

MEMORANDUM OF DECISION − 3

filing fee. *In re Gutierrez*, 19-00416-JMM at Dkt. No. 10. As such, the Court must determine Plaintiff's eligibility in this instance. Section 820.20(a)(1) explains the standard to determine if a debtor is eligible for waiver of the fees established under 28 U.S.C. § 1930. That standard requires the Court to conclude that the debtor has income less than 150 percent of the poverty guidelines and has an inability to pay the fee. Thus, any debtor requesting waiver must provide actual income and expense figures. *See, e.g.*, Official Bankruptcy Form 103B (providing a form to establish eligibility for waiver of the chapter 7 filing fee under 28 U.S.C. § 1930(f)(1)).

Here, Plaintiff did not fill out either the Prisoner Application to Proceed In Forma Pauperis or the Statement of Prisoner Trust Fund Account, both available at https://www.id.uscourts.gov/district/pro_se/Prisoner_Self_Help.cfm. In this way, he has technically failed to demonstrate that he meets the eligibility criteria. However, given the bankruptcy filing as well as the facts underlying this adversary proceeding, the Court is familiar enough with Plaintiff's income to comfortably conclude that he is unable to pay the filing fee. His incarceration, the income indicated on schedule I, along with his previously-granted filing fee waiver all indicate an inability to pay a fee.

**2. Good Faith**

That does not end the Court's inquiry, however. Despite Plaintiff's eligibility for a waiver of the appellate fee under 28 U.S.C. § 1930(f), the statute gives the Court discretion whether to grant the requested relief. *See* 28 U.S.C. § 1930(f)(2) ("The district court or the bankruptcy court *may* waive for such debtors other fees prescribed under

MEMORANDUM OF DECISION − 4

subsections (b) and (c).") (emphasis added).  This discretion is important under the facts presented here.  While cases addressing the standards in exercising such discretion are scarce, the majority of those cases equate the decision to the good faith analysis applicable to 28 U.S.C. § 1915(a)(3).  *See, e.g.*, *In re Greenfield*, No. 19-20785-NGH, 2021 WL 2389279, at *2 (Bankr. D. Idaho June 10, 2021) (citing *In re Ray*, 2016 WL 3211449 (Bankr. S.D. Ga. June 2, 2016)).  Thus, the merits of Plaintiff's appeal must be reviewed.

In this adversary proceeding, the Court determined it does not have subject matter jurisdiction over the single remaining claim, and therefore granted Defendant's motion to dismiss.  As noted above, however, because waiver of the filing fee is discretionary, it is proper for this Court to conduct a good faith examination in connection with its 28 U.S.C. § 1930 analysis and review the merits of Plaintiff's appeal.

Plaintiff's appeal not only raises the merits of his adversary complaint, but also challenges this Court's finding that it lacked subject matter jurisdiction.  The jurisdictional finding is a proper question on appeal.  *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999) ("Dismissal for lack of subject matter jurisdiction is a question of law [the Court of Appeals] review[s] de novo."); *Herman Fam. Revocable Tr. v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001) ("Typically a determination of lack of jurisdiction would result in a dismissal by the district court, and the appeal would address the jurisdictional ruling rather than the merits.").  Accordingly, because this

MEMORANDUM OF DECISION − 5

Court cannot conclude that the merits of Plaintiff's appeal lack good faith, his motion for waiver of the appellate filing fee will be granted.

    A separate order will be entered.

DATED: July 9, 2021

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION – 6